JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Foster

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hill & Associates, P.C. 1700 Market St. Ste. 3150
Philadelphia, PA 19103   215-567-7600

### DEFENDANTS
Beaumont Retirement Services, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability |  | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | / **Other:** / 462 Naturalization Application |  |  |  |
|  | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other / 465 Other Immigration Actions |  |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights |  |  |  |
|  | / 555 Prison Condition |  |  |  |
|  | / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. Section 2000e-2

Brief description of cause:
racial discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 11/4/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Foster<br>566 Larchwood Avenue<br>Upper Darby, PA 19082<br>　　　　　　PLAINTIFF<br><br>　　v.<br><br>Beaumont Retirement Services, Inc.<br>601 N. Ithan Avenue<br>Bryn Mawr, PA 19010<br>　　　　　　DEFENDANTS | **CIVIL ACTION LAW**<br><br><br><br><br>**NO.**<br><br><br>**JURY TRIAL<br>DEMANDED** |

## COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff, Robert Foster ("Plaintiff Foster"), by and through his counsel, brings this action against Defendant Beaumont Retirement Services, Inc. for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. Section 2000e-2, et seq., the Civil Rights Act of 1871, 42 U.S.C. Section 1981, and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. Section 951, et seq.

2. This is an action for damages, attorney's fees, and other relief on behalf of Plaintiff, a former employee of Defendant Beaumont Retirement Services, Inc., (Defendant Beaumont") who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of his employment as set forth below.

## JURISDICTION AND VENUE

3. Because this case involves federal questions and violations of Plaintiff's civil rights, jurisdiction in this Court is asserted under the provisions of 28 U.S.C. Section 1331.

4. This Court has supplemental jurisdiction over the state claim asserted herein pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 as a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

6. Plaintiff Foster has exhausted his administrative remedies against the Defendant Beaumont.

7. On August 21, 2020, Plaintiff was issued a Notice of Right to Sue by the United States Equal Employment Commission, and this Complaint is being timely filed. A copy Plaintiff Foster's August 21, 2020, Notice of Right to Sue is attached as Exhibit "A".

## PARTIES

8. Plaintiff Foster is an African American adult residing at 566 Larchwood Avenue, Upper Darby, Pennsylvania 19082.

9. Defendant Beaumont is a retirement community registered to do business in the Commonwealth of Pennsylvania, located at 601 N. Ithan Avenue, Bryn Mawr, Montgomery County, Pennsylvania 19010.

10. At all times material, Defendant Beaumont employed more than fifteen employees.

11. At all times material hereto, Plaintiff Foster was employed by Defendant Beaumont as a Relief Cook Supervisor.

12. At all times material, Defendant Beaumont acted and/or failed to act by and through the conduct of its officers, managers, employees, and agents, all acting within the course and scope of their authority, and under the control of Defendant Beaumont.

13. At all times material, Defendant Beaumont has been a "person" and "employer" as defined by Title VII, 42 U.S.C. Section 181, and the PHRA. It is and has been subject to the provisions of each of these laws.

## FACTS

14. Plaintiff Foster began working for Defendant Beaumont in approximately 1988 as a Utility Service Dishwasher.

15. Over the course of his thirty plus years of employment with Defendant Beaumont, Plaintiff Foster also held the positions of Prep Cook, Cook, and Relief Cook Supervisor.

16. Plaintiff Foster held the position of Relief Cook Supervisor for the last ten years or so of his employment, until his unlawful termination on July 17, 2019.

17. Throughout the course of his three decades of employment with Defendant Beaumont, Plaintiff Foster received positive reviews, increases in wages, and promotions. He was meeting or exceeding the expectations of his employment.

18. During the course of his employment, Plaintiff Foster was one of the many African American workers employed by Defendant Beaumont in the dining department.

19. In early 2019, Defendant Beaumont hired a new Director of Food and Beverage Services, Zach Margolis, who is Caucasian.

20. Upon the hiring of Mr. Margolis, Plaintiff Foster's direct supervisor, John Bauer, Executive Chef, who is also Caucasian, began reporting to Mr. Margolis.

21. Shortly after the hiring of Mr. Margolis, Defendant Beaumont, by and through its employees/agents, including Mr. Margolis, began subjecting Plaintiff Foster and others to racial discrimination.

22. Specifically, Mr. Margolis treated Plaintiff Foster in a hostile and condescending manner, micromanaging his work, and unjustifiably criticizing his performance in front of his colleagues.  Similarly, situated employees who were Caucasian were not treated similarly.

23. Mr. Margolis made unjustified complaints to Plaintiff Foster's executive Chef, Mr. Bauer, regarding Plaintiff Foster's performance in the manner in which he was cooking food, and the timeliness of the food orders being prepared by him.

24. The aforementioned complaints by Mr. Margolis were untrue and were made solely based on Plaintiff Foster's race and in furtherance of Mr. Margolis' efforts to rid Defendant Beaumont of the African American dining employees.

25. Plaintiff Foster reported this unequal treatment by Mr. Margolis to the Executive Chef, John Bauer.

26. A meeting was held in response to Plaintiff Foster's complaints with Mr. Bauer, Mr. Margolis, and Plaintiff Foster during which Mr. Margolis acknowledged that he was acting harshly but stated that he was hired to "cleanup" the dining department.

27. Around the same time, in the Spring of 2019, a meeting was held with Mr. Margolis, Mr. Bauer, and others, wherein one of the residents of the community asked Defendant Beaumont to get rid of the blacks working at the facility because they felt they were living on a plantation.

28. Following this meeting, Mr. Margolis told a resident that he was going to "change the face of the kitchen."

29. Thereafter, Plaintiff Foster, and other minority workers, continued to be treated unfairly by Mr. Margolis based solely on their race and in furtherance of Mr. Margolis' efforts to rid Defendant Beaumont of the African American dining employees.

30. For example, Mr. Margolis reduced or removed completely the break time for minority workers while allowing other non-minority employees up to an hour-long break.

31. Again, Plaintiff Foster reported this unequal treatment of Mr. Margolis to the Executive Chef, John Bauer.

32. In response, Mr. Bauer told Plaintiff Foster that he should stop "wearing his attitude on his shirt sleeve", and ignored his concerns.

33. Shortly thereafter in approximately June of 2019, a telephone survey was conducted and Plaintiff Foster was asked whether he felt comfortable going to his supervisors if he had a concern, to which Plaintiff Foster responded no.

34. Less than an hour after this survey, which was supposed to be anonymous, Mr. Bauer confronted Plaintiff Foster and told him that the "higher up", and specifically Mr. Margolis, did not like his answer.

35. Mr. Bauer instructed Plaintiff Foster to "just say nice things" in response to the survey questions, Plaintiff Foster refused to change his answer.

36. From that time forward, Plaintiff Foster continued to be harassed, criticized, and treated in a condescending manner by his supervisor, Mr. Margolis.

37. In the early Summer of 2019, Plaintiff Foster again reported his concerns over the disparate treatment he was receiving, this time to Human Resources directly.

38. The Director of Human Resources, Mary Wells, did nothing in response to Plaintiff Foster's complaints, conducted no investigation into the complaints, and totally disregarded his report of racial discrimination and wrongdoing.

39. Despite the lack of response to his complaints, Plaintiff Foster continued to raise his concerns about this disparate treatment of workers during a supervisor meeting, insisting that everyone wanted to be treated equally.

40. Just days after vocalizing his belief that everyone should be treated equally, and after more than thirty years of service, Plaintiff Foster was terminated by the Defendant Beaumont.

41. Initially Defendant Beaumont stated that Plaintiff Foster was terminated because "his services were no longer needed".

42. Later Defendant Beaumont took the position that Plaintiff Foster was terminated because he was acting in a threatening and disrespectful manner.

43. Neither of the offered justifications for Plaintiff Foster's termination after thirty years were truthful.

44. Plaintiff Foster was terminated because he is African American and Defendant Beaumont made a purposeful decision to remove blacks from the dining department.

45. Plaintiff Foster was also terminated in retaliation for his opposition to unlawful racial discrimination in the workplace and because he refused to "just say nice things".

46. The foregoing adverse employment action was taken against Plaintiff Foster because he is African American, and in retaliation for having vocalized his concerns about the disparate treatment of minority workers, including himself, at Defendant Beaumont, which were protected activities.

47. Plaintiff Foster was replaced by a Caucasian employee.

48. At or around the same time, at least two other African American employees were removed from the dining department, and were replaced with Caucasian workers.

49. At all times material hereto, Plaintiff was qualified and able to perform the essential functions of his position.

50. Plaintiff timely filed claims for discrimination and retaliation.

51. Plaintiff received his right to sue notice from the EEOC on August 21, 2020.

52. As a direct result of Defendant Beaumont's discriminatory and retaliatory conduct, Plaintiff Foster has suffered and continues to suffer economic and non-economic damages, including emotional, psychological and physical damages.

53. As a result of Defendant Beaumont's discriminatory and retaliatory conduct, Plaintiff's professional job opportunities have been impaired and he has suffered a loss of earning capacity.

## COUNT I – DISCRIMINATION UNDER TITLE VII

54. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

55. Defendant Beaumont, by and through its employees, agents, and servants, discriminated against Plaintiff Foster based on his race in violation of Title VII.

56. As a result of Defendant Beaumont's racially discriminatory conduct, Plaintiff Foster suffered irreparable harm including a loss of earnings, loss of benefits, loss of future earning capacity, back pay, front pay, and interest.

57. Plaintiff Foster was and continues to be damaged by Defendant Beaumont's unlawful racial discrimination, including but not limited to suffering emotional distress, embarrassment, humiliation, and loss of self esteem.

WHEREFORE, based on the foregoing, Plaintiff Foster demands judgment against Defendant Beaumont for the following relief:

    a.    punitive damages to which Plaintiff proves he is entitled;

    b.    damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    c.    interest in the maximum amount allowed by law;

    d.    attorney's fees and costs in the maximum amount allowed by law;

    e.    an injunction permanently and forever prohibiting and restraining Defendant from any and all discrimination and retaliation; and

    f.    such other and further relied as the Court deems just.

## COUNT II – RETALIATION UNDER TITLE VII

58. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

59. Defendant Beaumont, by and through its employees, agents, and servants, unlawfully retaliated against Plaintiff Foster for opposing unlawful racial discrimination in the workplace in violation of Title VII.

60. As a result of Defendant Beaumont's unlawful retaliatory conduct, Plaintiff Foster suffered irreparable harm including a loss of earnings, loss of benefits, loss of future

earning capacity, back pay, front pay, and interest.

61. Plaintiff Foster was and continues to be damaged by Defendant Beaumont's unlawful retaliation, including but not limited to suffering emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE, based on the foregoing, Plaintiff Foster demands judgment against Defendant Beaumont for the following relief:

    a.    punitive damages to which Plaintiff proves he is entitled;

    b.    damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    c.    interest in the maximum amount allowed by law;

    d.    attorney's fees and costs in the maximum amount allowed by law;

    e.    an injunction permanently and forever prohibiting and restraining Defendant from any and all discrimination and retaliation; and

    f.    such other and further relied as the Court deems just.

### COUNT III – DISCRIMINATION UNDER PHRA

62. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

63. Defendant Beaumont, by and through its employees, agents, and servants, discriminated against Plaintiff Foster based on his race in violation of the PHRA.

64. As a result of Defendant Beaumont's racially discriminatory conduct, Plaintiff Foster suffered irreparable harm including a loss of earnings, loss of benefits, loss of future earning capacity, back pay, front pay, and interest.

65. Plaintiff Foster was and continues to be damaged by Defendant Beaumont's unlawful racial discrimination, including but not limited to suffering emotional distress, embarrassment, humiliation, and loss of self esteem.

WHEREFORE, based on the foregoing, Plaintiff Foster demands judgment against Defendant Beaumont for the following relief:

    a.    punitive damages to which Plaintiff proves he is entitled;

    b.    damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    c.    interest in the maximum amount allowed by law;

    d.    attorney's fees and costs in the maximum amount allowed by law;

    e.    an injunction permanently and forever prohibiting and restraining Defendant from any and all discrimination and retaliation; and

    f.    such other and further relied as the Court deems just.

## COUNT IV – RETALIATION UNDER PHRA

66. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

67. Defendant Beaumont, by and through its employees, agents, and servants, unlawfully retaliated against Plaintiff Foster for opposing unlawful racial discrimination in the workplace in violation of the PHRA.

68. As a result of Defendant Beaumont's unlawful retaliatory conduct, Plaintiff Foster suffered irreparable harm including a loss of earnings, loss of benefits, loss of future

earning capacity, back pay, front pay, and interest.

69. Plaintiff Foster was and continues to be damaged by Defendant Beaumont's unlawful retaliation, including but not limited to suffering emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE, based on the foregoing, Plaintiff Foster demands judgment against Defendant Beaumont for the following relief:

    a.    punitive damages to which Plaintiff proves he is entitled;

    b.    damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    c.    interest in the maximum amount allowed by law;

    d.    attorney's fees and costs in the maximum amount allowed by law;

    e.    an injunction permanently and forever prohibiting and restraining Defendant from any and all discrimination and retaliation; and

    f.    such other and further relied as the Court deems just.

## **COUNT V – DISCRIMINATION UNDER SECTION 1981**

64. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

65. Defendant Beaumont, by and through its employees, agents, and servants, discriminated against Plaintiff Foster based on his race in violation of Section 1981.

66. As a result of Defendant Beaumont's racially discriminatory conduct, Plaintiff Foster suffered irreparable harm including a loss of earnings, loss of benefits, loss of future

earning capacity, back pay, front pay, and interest.

67. Plaintiff Foster was and continues to be damaged by Defendant Beaumont's unlawful racial discrimination, including but not limited to suffering emotional distress, embarrassment, humiliation, and loss of self esteem.

WHEREFORE, based on the foregoing, Plaintiff Foster demands judgment against Defendant Beaumont for the following relief:

    a.    punitive damages to which Plaintiff proves he is entitled;

    b.    damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    c.    interest in the maximum amount allowed by law;

    d.    attorney's fees and costs in the maximum amount allowed by law;

    e.    an injunction permanently and forever prohibiting and restraining Defendant from any and all discrimination and retaliation; and

    f.    such other and further relied as the Court deems just.

## COUNT VI – RETALIATION UNDER SECTION 1981

68. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

69. Defendant Beaumont, by and through its employees, agents, and servants, unlawfully retaliated against Plaintiff Foster for opposing unlawful racial discrimination in the workplace in violation of Title VII.

70. As a result of Defendant Beaumont's unlawful retaliatory conduct, Plaintiff Foster

suffered irreparable harm including a loss of earnings, loss of benefits, loss of future earning capacity, back pay, front pay, and interest.

71. Plaintiff Foster was and continues to be damaged by Defendant Beaumont's unlawful retaliation, including but not limited to suffering emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE, based on the foregoing, Plaintiff Foster demands judgment against Defendant Beaumont for the following relief:

    a.    punitive damages to which Plaintiff proves he is entitled;

    b.    damages for past, present, and future pain and suffering, emotional pain and suffering, inconvenience, loss of enjoyment of life, and any other compensatory damages, together with all costs of suit and other remedies allowed by law;

    c.    interest in the maximum amount allowed by law;

    d.    attorney's fees and costs in the maximum amount allowed by law;

    e.    an injunction permanently and forever prohibiting and restraining Defendant from any and all discrimination and retaliation; and

    f.    such other and further relied as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

**HILL & ASSOCIATES, P.C.**

*/s/ Susan B. Ayres*
_____
Susan B. Ayres, Esquire
Attorney for Plaintiff
PA ID No 81849
1700 Market Street, Ste. 3150
Philadelphia, PA 19103
215-567-7600 (phone); 215-525-4311 (f)
Sue@Hilljustice.com

Date: 11/4/20

# EXHIBIT A

EEOC Form 161-B (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Robert Foster**<br>**566 Larchhwood Avenue**<br>**Upper Darby, PA 19082** | From: | **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-01429 | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*      August 21, 2020

**Jamie R. Williamson,**<br>**District Director**      *(Date Mailed)*

Enclosures(s)

cc:    **Andrew Dollman**<br>**Latsha, Davis, & Marshall**<br>**1700 Bent Creek Blvd. Ste 140**<br>**Mechanicsburg, PA 17050**

     **Susan Ayres**<br>**HILL & ASSOCIATES**<br>**1700 Market St, Ste 3150**<br>**Philadelphia, PA 19103**

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***